IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| Lawrence Pinckney, | ) | Civil Action No. 6:14-cv-4274-MGL-KFM |
| Petitioner, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on the petitioner's motion for default judgment (doc. 30). The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

The petitioner filed a petition for writ of habeas corpus on November 6, 2014. On that same date, the undersigned issued an order requiring the petitioner to bring the case into proper form by December 4, 2014 (doc. 6). On November 18, 2014, the undersigned authorized service of process and directed the respondent to file an answer or other response to the petition as soon as reasonably possible but no later than 50 days from the date of service. The respondent's answer or other response was due on or before January 12, 2015. The respondent filed a motion for extension of time on January 12, 2015, which was granted, extending the response time through January 23, 2015 (doc. 16). The respondent filed a second motion for extension of time on January 23, 2015, which was granted through February 9, 2015 (doc. 21). The respondent timely filed a motion for

summary judgment and return on February 9, 2015 (docs. 25, 26).  On February 10, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 27).  The petitioner's response to the motion for summary judgment is due on or before March 16, 2015.

On February 18, 2015,  the petitioner filed a motion for default judgment (doc. 30), arguing that the respondent failed to file a timely response to his petition. The respondent filed opposition to the motion on March 9, 2015 (doc. 32).  As argued by the respondent, the petitioner's motion is meritless.  As set forth above, the respondent was given two extensions of time and timely filed a motion for summary judgment and return. Furthermore, default judgment is not available in a habeas action. *See Kelley v. McCall*, C.A. No. 3:09-3133-HMH-JRM, 2010 WL 1999521, at *3 (D.S.C. Apr. 26, 2010) ("Rule 55, Fed. R. Civ. P., pertaining to default judgment, is not applicable to habeas cases.") (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970))), *adopted by* 2010 WL 1999488 (D.S.C. May 19, 2010).  Based upon the foregoing, the petitioner's motion for default judgment (doc. 30) should be denied.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

March 11, 2015
Greenville, South Carolina

2