IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Lawrence Pinckney, # 337981,    )
    )
    )    Civil Action No. 6:14-4274-MGL-KFM
           Petitioner,    )
    )    **REPORT OF MAGISTRATE JUDGE**
    vs.    )
    )
Joseph McFadden (Warden),    )
    )
    )
           Respondent.    )
_____)

        The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

        The petitioner is serving a 22-year sentence for a voluntary manslaughter conviction entered in the Court of General Sessions for Charleston County on November 26, 2009, in Case No. 2008-GS-10-04528, pursuant to an *Alford* guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.").  The petitioner had originally been

indicted for murder, which carried a sentence of thirty years to life (app. 105), by the Charleston County Grand Jury on June 13, 2008 (app. 104). Although the petitioner indicates that the direct appeal was "[d]ismissed" by the South Carolina Court of Appeals (doc. 1 at 2), the respondent states that no direct appeal was filed (doc. 25 at 6).

***First PCR***

The petitioner on April 30, 2010, filed his first application for post-conviction relief ("PCR"), Case No. 2010-CP-10-3595 (app. 36–42), wherein he raised three claims of ineffective assistance of counsel (app. 36). Those three claims of ineffective assistance of counsel were: (1) trial counsel failed to advise the petitioner correctly about the results of the DNA test by SLED; (2) trial counsel misled the petitioner into signing the plea agreement; and (3) trial counsel withheld evidence from the petitioner and failed to investigate "the discovery" (app. 36). On July 15, 2010, the State filed its return (app. 43–47).

An evidentiary hearing was held before the Honorable Roger M. Young, South Carolina Circuit Judge, on September 13, 2010, in Charleston, South Carolina (app. 49–86). William F. Runyon represented the petitioner, and Matthew Friedman represented the State of South Carolina (app. 49). The petitioner testified at the hearing on direct examination (app. 54–61), on cross-examination (app. 61–64), on re-direct examination (app. 79–80), and on re-cross examination (app. 80–81). Mary Robinson, the petitioner's older sister, also testified (app. 65–67). The petitioner's counsel at the guilty plea proceeding, Mark Peper, also testified on direct examination (app. 68–73) and on cross-examination (app. 73–77). The petitioner's PCR counsel made oral arguments at the close of the petitioner's case (app. 81–83). Counsel for the State contended that the petitioner had failed to meet his burden (app. 83). At the close of the hearing, Judge Young concluded that the petitioner had failed to meet his burden (app. 83–84).

2

On October 7, 2010, Judge Young issued an Order of Dismissal in the PCR case (app. 97–103). Judge Young concluded that the petitioner had failed to satisfy the first and second prongs of the *Strickland* test, *see Strickland v. Washington*, 466 U.S. 668 (1984) (app. 100–102).[1] The PCR Judge also found that the testimony of the petitioner's guilty plea counsel was credible (app. 101).

The petitioner's PCR counsel filed a Notice of Intent to Appeal on October 11, 2010 (doc. 25-2 at 1, 9). On appeal in the PCR case, Robert M. Pachak, Appellate Defender, represented the petitioner and filed a *Johnson* petition for writ of certiorari on February 28, 2011 (doc. 25-3 at 1–6), *see Johnson v. State*, 364 S.E.2d 201, 201 (1988) (*per curiam*) ("This Court has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed.") and a motion to be relieved as counsel (doc. 25-3 at 7–8). On March 7, 2011, the Office of the Attorney General apprised the Supreme Court of South Carolina that it had no objection to the motion to be relieved as counsel (doc. 25-5 at 1). Meanwhile, the Clerk of the Supreme Court of South Carolina apprised the petitioner that he could submit a *pro se* brief within forty-five days (doc. 25-4 at 1).

The petitioner filed his *pro se* brief (doc. 25-6) on March 29, 2011. In his *pro se* brief, the petitioner raised nine grounds of ineffective assistance of counsel, many of which were raised for the first time (doc. 25-6 at 6–8). On January 26, 2012, the Supreme Court of South Carolina denied certiorari and granted appellate counsel's request to withdraw (doc. 25-7 at 1). The remittitur was issued on February 13, 2012 (doc. 25-8 at 1). The remittitur was formally filed by the Clerk of Court for Charleston County on February 14, 2012 (doc. 50-1 at 2).

---

[1] A "larger print" copy of the Order of Dismissal appears in doc. 25-2 at 2–8.

***Second PCR***

The petitioner filed a second application for PCR (Case No. 2010-CP-10-9071) on November 1, 2010 (doc. 25-9 at 1–18). The petitioner filed on August 20, 2012, a motion for an evidentiary hearing and for appointment of counsel (doc. 25-14). In the second application for post-conviction relief, the petitioner raised as grounds: (1) "Actual Innocence" (doc. 25-9 at 5–8); (2) violation of the petitioner's Fourteenth Amendment and Due Process rights resulting from fraud upon court by the Solicitor and law enforcement agents (*id*. at 8–12); (3) genuine issues of material facts (*id*. at 12); and (4) duress (*id*.). On December 29, 2010, the State filed a return and motion to dismiss on the basis that the application for PCR was successive (doc. 25-10 at 1–5). In an order formally filed on November 14, 2011, the Honorable Kristi L. Harrington, South Carolina Circuit Judge, in a Conditional Order of Dismissal, dismissed the application as successive (doc. 25-11 at 1–3). In her Order, Judge Harrington apprised the petitioner that he had twenty days to file a response showing why the Conditional Order of Dismissal should not become final (*id*. at 3). On December 28, 2012, the petitioner filed a motion to supplement and a memorandum of law (doc. 25-12). On November 5, 2012, the Honorable Deadra L. Jefferson, South Carolina Circuit Judge, issued a Final Order of Dismissal and dismissed the second application *with prejudice* (doc. 25-15 at 1–3). Although Judge Jefferson noted in her Order the receipt of the petitioner's motion to supplement and a memorandum of law (doc. 25-15 at 1), she concluded that the petitioner had not responded to the Conditional Order of Dismissal: "This Court has not received any amendments to the Applicant's application for post-conviction relief or any response to the Applicant's [*sic*] Conditional Order of Dismissal." (*id*. at 2).

The petitioner filed a *pro se* Notice of Appeal on or about November 13, 2012 (doc. 25-16 at 1–7). On December 17, 2012, the Supreme Court of South Carolina dismissed the appeal pursuant to the holding in *Edith v. State*, 632 S.E.2d 844, 844 (S.C.

4

2006), because the petitioner had not filed a response to the Conditional Order of Dismissal (doc. 25-17). The remittitur was issued on January 3, 2013 (doc. 25-18 at 1) and was formally docketed by the Clerk of Court for Charleston County on January 4, 2013 (doc. 50-1 at 4).

On September 24, 2014, the petitioner filed a Rule 60(b) motion to correct on the basis that he had actually responded to the Conditional Order of Dismissal (doc. 25-23 at 1–6). The Rule 60(b) motion is still pending before the Court of Common Pleas.

**Third PCR**

The petitioner indicates that in April 2013 he filed a third application for PCR (Case No. 2013-CP-10–3674), which is still pending. The exhibit submitted by the respondent indicates that Case No. 2013-CP-10–3674 was docketed on June 20, 2013 (doc. 25-19 at 1). The State on May 7, 2014, filed a return and motion to dismiss on grounds of successiveness (doc. 25-20). In a Conditional Order of Dismissal filed on August 13, 2014, the Honorable Stephanie P. McDonald, South Carolina Circuit Judge,[2] dismissed the case as successive (doc. 25-21 at 1–5). In her Order, Judge McDonald apprised the petitioner that he had twenty days to file an response showing why the Conditional Order of Dismissal should not become final (*id.* at 5). On September 2, 2014, the petitioner filed his response (doc. 25-22 at 1–33) to the Conditional Order of Dismissal.

**Federal Habeas Petition**

The petitioner delivered his federal habeas petition to prison officials for mailing on or about October 27, 2014 (doc. 1-2 at 1). In an order (doc. 6) filed in this case on November 7, 2014, the undersigned directed the petitioner to bring this case into "proper form" by paying the five-dollar ($5) filing fee or by submitting a motion for leave to proceed *in forma pauperis*. The petitioner submitted a  motion for leave to proceed *in*

---

[2]The undersigned magistrate judge is not related to South Carolina Circuit Judge Stephanie P. McDonald.

*forma pauperis* on November 17, 2014.  The undersigned on November 18, 2014, by order (doc. 11) directed the respondent to file an answer.  The respondents filed a return, memorandum, and motion for summary judgment (docs. 25, 26) on February 9, 2015. On February 10, 2015, the undersigned issued a *Roseboro* order (doc. 27) to apprise the petitioner of summary judgment procedure.  *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).  The petitioner filed his response (doc. 33) on March 9, 2015, and additional attachments (doc. 51) on May 18, 2015.

In the federal petition, the petitioner raises three grounds: (1) ineffective assistance of counsel relating to failure to have an affirmative defense, the withholding of discovery evidence, and evidence showing that the crime was committed on a different date (doc. 1 at 5); (2) ineffective assistance of counsel resulting from counsel's withholding discovery evidence (*id*. at 6); and (3) "Insufficient Indictment" relating to "[c]onflicting dates of death of victim" (*id*. at 8).

## APPLICABLE LAW AND ANALYSIS

The respondent contends that the Section 2254 habeas petition should be dismissed because it is barred by the one-year statute of limitations and that there is no basis for equitable tolling (doc. 25 at 27–31).  The respondent also contends that the third claim of Ground One is procedurally barred because it was not ruled upon by the PCR court and not preserved for review (*id*. at 31–33).  As to Ground One and its three subparts and Ground Two, the respondent argues that the petitioner has failed to show that the PCR court's findings were based on an unreasonable determination of the facts or an unreasonable application of federal law (*id*. at 35–42).  As to Ground Three, counsel for the respondent notes that insufficiency of the indictment is a matter of state law (*id*. at 43–44).

6

The petitioner makes numerous arguments in his response in opposition to the motion for summary judgment, but he does not address the respondent's statute of limitations defense (*see* doc. 38).

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will

7

properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The statute of limitations defense in a habeas corpus action is an affirmative defense.  *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008) ("Nonetheless, AEDPA's limitations period is an affirmative defense, and Blackstock was not required to allege in his petition facts that could refute the defense.") (action brought pursuant to 28 U.S.C. § 2255); *see also Day v. McDonough*, 547 U.S. 198, 208–10 (2006) (generally precluding *sua sponte* dismissals of habeas cases for untimeliness unless the record is clear on the issue).  Counsel for respondent has properly raised the statute of limitations as an affirmative defense in its memorandum (doc. 25 at 27–31), and the petitioner has been given an opportunity to respond by the court's issuance of a *Roseboro* order (doc. 27) on February 10, 2015.

The present habeas corpus petition was filed more than fourteen years after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997).  The respondent first argues that the petition is untimely under the one-year statutory deadline set forth in the AEDPA.[3]  This magistrate judge agrees.  The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.*

---

[3]As the undersigned recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[4]The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

§ 2244(d)(2).  State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying these criteria to the present case, the petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A).  The petitioner's state court convictions became final on the tenth day after the entry of his November 26, 2009, *Alford* plea and sentence, as this was the last day on which he could serve a timely Notice of Appeal.  *See* Rule 203(b)(2), SCACR, (stating a notice of appeal must be served on all respondents within ten days after the sentence is imposed).  Hence, the petitioner had until December 7, 2009, to file and serve his Notice of Appeal.[5]  Thus, the limitations period began to run on December 8, 2009.  *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) ("We now make clear … [that] [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs.  Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners.  For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").  Hence, the

---

[5]The tenth day after his guilty plea was Sunday, December 6, 2009.  Hence, the petitioner had until the following Monday (December 7, 2009) to serve his notice of appeal. *See* Rule 263(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period . . . is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday.").

9

statute of limitations began to run on December 8, 2009, and continued to run until April 30, 2010, when the petitioner filed his first application for PCR (Case No. 2010-CP-10-3595). The limitations period was tolled from April 30, 2010, to the docketing of the remittitur in the first PCR case in the Office of the Clerk of Court for Charleston County on February 14, 2012 (doc. 50-1 at 1). *See Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *3–6 (D.S.C. Mar. 31, 2015).

Hence, there are two periods of untolled time: from December 8, 2009, to April 30, 2010 (143 days); and from February 15, 2012, to October 27, 2014, the date of the postage meter mark on the envelope used to mail the pleadings in the instant case (985 days).[6] *Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (holding that a prisoner's pleading is "filed" for limitations purposes at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, there are 1128 days of untolled time.[7]

The second application for post-conviction for post-conviction relief (Case No. 2010-CP-10-9071) was successive and not "properly filed." *See Artuz*, 531 U.S. at 8*; and Pace v. DiGuglielmo*, 544 U.S. 408, 416–19 (2005) (state court rejected litigant's post-conviction application as untimely; hence, it was not "properly filed" and, therefore, litigant was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)). [8] The third

---

[6]The petition is not dated, although the Form AO 241 provided a space for the petitioner to date the petition (doc. 1 at 14). The petitioner's memorandum also is not dated (doc. 1-1 at 6). The envelope used to mail the pleadings does not contain a prison mailroom date stamp, but the postage meter mark date is October 27, 2014 (doc. 1-2 at 1).

[7]Counsel for the respondent indicates that there are 763 days of untolled time if the docketing of the remittitur is used as the date of the end of the first state collateral action (doc. 25 at 28 n. 5). This calculation may be the result of arithmetical or scrivener's error because it appears to be based on an end date (of the first PCR case) of February 14, 2013, not February 14, 2012. February 14, 2012, was the date that the remittitur in the first PCR case was docketed by the Clerk of Court for Charleston County (doc. 50-1 at 2)

[8]Moreover, even if the second PCR application had been "properly filed" and could toll the statute of limitations, the current federal petition would still be untimely because more than twenty-one months passed between the docketing of the remittitur in the second PCR case on January 4, 2013, (doc. 50-1 at 3) and the delivery of the Section 2254 petition for
(continued...)

application for PCR(Case No. 2013-CP-10–3674), which is untimely and successive, was filed on June 20, 2013, more than eight months after the limitations period for a timely Section 2254 habeas corpus action had expired. *See Graham v. McCall*, Civil Action No. 6:10-376-MBS-KFM, 2010 WL 5824266, at *8 (D.S.C. Oct. 18, 2010) ("As the second and third PCR actions were filed after the statute of limitations expired, the actions could toll nothing."), *adopted by* 2011 WL 649698 (D.S.C. Feb. 11, 2011).

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000)." To be entitled to equitable tolling, a petitioner must show (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstances stood in his or her way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted); and *Garvin v. Eagleton*, Civil Action No. 8:12-1165-JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations.").

_____

(...continued)
mailing on or about October 27, 2014.

11

Based upon the foregoing, the petitioner has not shown that he has pursued his rights diligently, nor has he shown that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. Accordingly, the petitioner is not entitled to equitable tolling, and his petition is barred by Section 2244(d)(1) and should be dismissed.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted. It is also recommended that the District Court deny a certificate of appealability. The attention of the parties is directed to the Notice on the next page.

s/Kevin F. McDonald
United States Magistrate Judge

June 4, 2015
Greenville, South Carolina

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

13